P SEND

DOCKETED ON CM

NOV 16 2006

BY ___ 009

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-2636 PA (SHx) | Date | November 13, 2006 |
|---|---|---|---|
| Title | Taser International, Inc. v. Bestex Company, Inc., et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

Before the court is a Motion for Partial Summary Judgment (Docket No. 19) filed by defendant Bestex Company, Inc. ("Bestex"). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 13, 2006, is continued to **January 8, 2007, at 1:30 p.m.** in accordance with the following.

## I.   FACTUAL & PROCEDURAL BACKGROUND[1]

This action centers around a patent for an electrical shocking device, commonly referred to as a stun gun. The technology at issue was developed by John Cover, who obtained three patents and entered into a licensing agreement with Bestex, granting them the rights to manufacture, use, and sell devices covered by the patents.[2] Eventually, two of the three patents expired, and only one remains at issue, U.S. Patent 5,078,117 (the "'117 patent").

A dispute over royalties due under these agreements arose, and Cover filed suit against Bestex. The parties settled the dispute by executing a Settlement Agreement and Release ("Settlement Agreement" or "Agreement") on June 25, 2002, which provided for the termination of Bestex's license rights to the '117 patent technology in exchange for the release of any claims Cover had or claimed to have against Bestex. Around the time that this dispute was being resolved, Cover was also negotiating assignment of the '117 patent to plaintiff Taser International, Inc. ("Taser"). As a result, Taser was involved in Cover's settlement negotiations with Bestex and approved the Settlement Agreement before it was executed.

---

[1]      The facts stated here are undisputed, except where noted.

[2]      Though all agreements relevant to this action were actually signed by Yong Park doing business as Bestex Company, Park is not named in this action and Bestex is the only named defendant. Thus, for simplicity, the Court will refer only to Bestex.

P SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No.   CV 06-2636 PA (SHx) | Date   November 13, 2006 |
| Title   Taser International, Inc. v. Bestex Company, Inc., et al. | |

Taser now asserts that Bestex has infringed the '117 patent and breached the Settlement Agreement by continuing to sell stun guns that embody the patented technology. In its Complaint, Taser asserts claims against Bestex for patent infringement, false marking, unfair competition under Cal. Bus. & Prof. Code § 17200, breach of contract, and tortious interference with contract. Bestex has now moved for summary judgment on all five of these claims and Taser has requested a continuance pursuant to Rule 56(f).

**II.     PLAINTIFF'S RULE 56(f) REQUEST**

Taser requests a continuance of Bestex's motion for summary judgment in order to obtain additional discovery. Under Rule 56(f), the court may order a continuance on a motion for summary judgment if the nonmoving party submits affidavits showing that "the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." The party seeking a continuance has the burden of showing (1) that there are specific facts that it hopes to elicit from further discovery; (2) that those facts actually exist; and (3) that they are "essential" to resist the summary judgment motion. California ex rel. California Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998); see also Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990). The party seeking relief "cannot complain if it [has failed] diligently to pursue discovery before summary judgment." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 523-24 (9th Cir. 1989).

Taser asserts that it needs additional discovery on the number of patented stun guns Bestex has acquired and sold in order to oppose the motion for summary judgment. It maintains that it will be able to obtain this information by: (1) proceeding with a deposition of Mr. Anton Simson, an individual who was also licensed by Cover to manufacture stun guns covered by the '117 patent; and (2) receiving Bestex's response to a request for information on all its sales of the patented stun guns. Taser further argues that this information is essential to its opposition to the motion because Bestex admits to having sold patented stun guns after the Settlement Agreement terminated its license, but claims that the first sale doctrine is a defense to claims of patent infringement and false marking because all these sales were of inventory that Bestex purchased from Simson. See Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993).

The Court agrees that resolution of Taser's patent infringement and false marking claims turns on the application of the first sale doctrine to the facts of this case and, thus, on whether Bestex sold any patented stun guns that it manufactured or otherwise improperly obtained after the Settlement Agreement terminated its license.[3] Further, the discovery cut-off set by the Court has not yet expired in

---

[3]      Bestex opposes a continuance by arguing that the first sale doctrine precludes Taser's claims as a matter of law because it obtained all of the stun guns it sold from Simson. That argument simply begs the question, however, and ignores the fact that Taser seeks discovery that would show that Bestex has sold stun guns that it obtained from an unauthorized source other than Simson.

**P SEND**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 06-2636 PA (SHx) | Date   November 13, 2006 |
| Title | Taser International, Inc. v. Bestex Company, Inc., et al. | |

this case and it appears that Taser has otherwise diligently sought the needed discovery. Taser propounded discovery requests regarding the dates and numbers of patented stun guns sold by Bestex in late September and at the time Bestex's motion was filed it still had over sixty days to obtain Simson's deposition before the discovery cut-off.

Accordingly, Rule 56(f) relief is appropriate as to the patent infringement and false marking claims. Because resolution of Taser's § 17200 claim is also dependent on the Court's disposition of the patent claims, a continuance is also appropriate with respect to that claim. Taser has made no showing, however, that a continuance is appropriate as to its breach of contract or tortious interference with contract claims. As discussed below, those claims can be resolved without considering whether Bestex has sold more than the inventory of stun guns it had when its license was terminated by the Settlement Agreement.

Bestex is to provide Taser with the requested information and Taser is to obtain Simon's deposition no later than **December 4, 2006**. Taser may file an additional opposition to the motion on or before **December 11, 2006**, and Bestex may file a reply on or before **December 18, 2006**. The hearing on the matter will proceed on January 8, 2007, at 1:30 p.m.

## III.   STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); see also Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325, 106 S. Ct. at 2554.

The nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(e) (nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial"). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the

P SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. CV 06-2636 PA (SHx) | Date  November 13, 2006 |
| Title  Taser International, Inc. v. Bestex Company, Inc., et al. | |

complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252, 106 S. Ct. at 2510, 2512).  If the adverse party does not so respond, summary judgment shall be entered.

## IV.   ANALYSIS

Having determined that Taser is entitled to a continuance on Bestex's motion with respect to all but the breach of contract and tortious interference with contract claims, the Court now turns to those claims.

### A.   Breach of Contract

Taser argues that Bestex breached its Settlement Agreement with Cover by continuing to sell patented stun guns after the Agreement was executed.  The parties first devote some argument to whether Taser can enforce the provisions of the Agreement as a third party beneficiary.  Assuming that it can, it is clear that the Agreement merely terminates Bestex's license rights and does nothing to prevent Bestex from selling patented stun guns, even if such action would subject it to liability under patent law.  More specifically, the Agreement provides:

> 1.   In consideration of the complete termination of all existing obligations imposed upon them and all Patent License Rights granted to them pursuant to [the license] agreement . . . , the parties agree to terminate said agreement inclusive of all addendums and modifications. . . .

> 2.   The parties acknowledge that by the cancellation and termination of the above-described agreement including any interest or license that [Bestex] may have possessed in Patent No. 5,078,117 is extinguished and shell revert back to Cover.

These terms do establish that Bestex may experience certain legal consequences by continuing to sell patented stun guns after executing the Settlement Agreement because it would be doing so without a license.  Nonetheless, the language creates no independent contractual obligation for Bestex to stop selling such items, and the "clear and explicit" meaning of that language appears to compel resolution of Taser's claim in favor of Bestex.  See AIU Ins. Co. v. Superior Court, 51 Cal. 3d 807, 821-22, 274 Cal. Rptr. 820, 831 (1990) ("Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. (Civ. Code, § 1636.) Such intent is to be inferred, if possible, solely from the written provisions of the contract. (Id., § 1639.) The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by

**P SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 06-2636 PA (SHx) | Date: November 13, 2006 |
| Title | Taser International, Inc. v. Bestex Company, Inc., et al. | |

the parties in a technical sense or a special meaning is given to them by usage' (id., § 1644), controls judicial interpretation. (Id., § 1638.)").

Taser attempts to avoid this result by pointing to another provision of the Agreement, which provides:

> Cover agrees that any sales made by the Company prior to May 1, 2002, of goods embodying any inventions claimed in Patent No. 5, 078,117 were made by a Seller licensed by Cover under Patent No. 5,078,117 at that time to sell said embodiments and are therefore not subject to a claim of patent infringement.

Taser admits that this provision refers only to past transactions, but argues that it thereby implies that future transactions are not allowed. In support of this interpretation, Taser points to parol evidence indicating that Cover's and Taser's attorneys intended for the Settlement Agreement to prohibit all sales of patented stun guns by Bestex after its license rights were terminated.

Though the Agreement contains an integration clause, parol evidence is still admissible to resolve any ambiguities. "In such cases, the court engages in a two-step process: First, the court provisionally receives (without actually admitting) all credible evidence concerning the parties' intentions to determine 'ambiguity,' i.e., whether the language is 'reasonably susceptible' to the interpretation urged by a party. If in light of the extrinsic evidence the court decides the language is 'reasonably susceptible' to the interpretation urged, the extrinsic evidence is then admitted to aid in the second step-interpreting the contract." WYDA Assocs. v. Merner, 42 Cal. App. 4th 1702, 1710, 50 Cal. Rptr. 2d 323, 327 (Ct. App. 1996) (internal quotations and citations omitted). Putting aside Bestex's numerous objections to this evidence and provisionally receiving it for the first part of this analysis, the Court finds that it does not show that the quoted language is "reasonably susceptible" to Taser's interpretation. The provision, like the rest of the Agreement, focuses only on Bestex's actions up to the time of the Agreement's execution, refers only to claims of patent infringement, and says nothing that could be construed as a prospective, contractual limitation on Bestex's ability to continue selling patented stun guns. Thus, the conclusory statements of Cover's and Taser's attorneys that they intended for the Agreement to cover future sales is insufficient to create a genuine issue of material fact because there is simply no language in the contract that could be reasonably interpreted to apply to such sales.

### B.    Tortious Interference with Contract

Taser also asserts that Bestex tortiously interfered with its contractual relationship with Cover. The crux of this argument is that Cover agreed to assign "clear" title to the '117 patent to Taser free of any rights, licenses, or other interests Bestex may have had in the patent. Taser argues that Bestex caused Cover to breach this agreement by continuing to sell patented products.

**P SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No.   CV 06-2636 PA (SHx) | Date   November 13, 2006 |
| Title   Taser International, Inc. v. Bestex Company, Inc., et al. | |

In order to establish intentional interference with contractual relations, Taser must show that a valid contract existed between Taser and Cover, that Bestex knew of that contract, that Bestex engaged in intentional acts designed to induce a breach or disruption of the contract, actual breach or disruption of the contract, and resulting damage. Pac. Gas & Elec. Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126, 270 Cal. Rptr. 1, 3-4 (1990). Here, Taser has failed to show a breach or disruption of its agreement with Cover. Though Taser argues that it did not obtain the benefit of its bargain with Cover because of Bestex's actions, it fails to establish that this was because of any failure on Cover's part. Instead, all of the evidence presented to the Court is that Cover did in fact convey "clear" title to Taser by executing the Settlement Agreement and terminating all of Bestex's rights under the '117 patent. Once those rights were terminated, Cover's obligations were satisfied. Absent some showing that Cover further warranted that Bestex would not engage in patent infringement, it is irrelevant that Bestex may have engaged in such conduct.

Taser is correct that "actual or inevitable breach of contract" is not required to recover for interference with prospective economic advantage. See id. at 1129, 270 Cal. Rptr. at 6. Even under that theory, however, Taser would have to show that its performance of the contract with Cover has been made more costly or more burdensome. See id. at 1129, 270 Cal. Rptr. at 6. Taser has failed to meet this burden, as it has again failed to show any disruption whatsoever in its contract with Cover. In essence, Taser has shown only that it has had to take action to assert the rights assigned to it by Cover. This cannot form the basis of a claim that there was some defect or disruption in the assignment of those rights and, as such, is insufficient to establish tortious interference with contract.

## CONCLUSION

For the foregoing reasons, Bestex's Motion for Partial Summary Judgment is granted in part and Taser's request for a continuance under Rule 56(f) is granted in part. As for Taser's breach of contract and tortious interference with contract claims, the Court finds that there is no genuine issue as to any material fact and that Bestex is entitled to a judgment as a matter of law. Bestex's motion for summary adjudication on the remaining claims is continued as set forth above.

IT IS SO ORDERED.

